## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

IN RE:
HARRIS FAMILY LIVING TRUST dtd September 5, 2013

HANNAH E. BLEAVINS, Personal Representative for the
ESTATE OF ROBERT EARL HARRIS;
JAMES SHUMPERT, sole beneficiary of the ESTATE OF
ROBERT EARL HARRIS and as Residuary Beneficiary
of the HARRIS FAMILY LIVING TRUST;

Cause No. _____

    *Plaintiffs*

    v.

SHARNETTA O'NEAL, Trustee and Residuary
Beneficiary;
ALLEN WHITAKER, Residuary Beneficiary;
LATISHA STAMATELATOS, Residuary Beneficiary;
ELVIN LOFTON, Residuary Beneficiary;
ST. MARK'S BAPTIST CHURCH CRENSHAW,
Residuary Beneficiary,

    *Defendants*

---

## VERIFIED COMPLAINT FOR IMMEDIATE ISSUANCE OF TEMPORARY
## RESTRAINING ORDER, FOR DECLARATORY JUDGMENT
## AND TO REQUIRE AN IMMEDIATE ACCOUNTING

Come now the Plaintiffs, the ESTATE OF ROBERT EARL HARRIS, the deceased

Grantor and Beneficiary of the HARRIS FAMILY LIVING TRUST dated September 5,

2013, by and through HANNAH E. BLEAVINS, Personal Representative for said Estate,

and JAMES EARL SHUMPERT, the sole beneficiary of the ESTATE OF ROBERT EARL

HARRIS and Residuary Beneficiary of the HARRIS FAMILY LIVING TRUST

(collectively "Plaintiffs"), pursuant to Rules 57 and 65 of the Federal Rules of Civil

Procedure and 28 U.S.C. §§ 2201 & 2202, and for their Verified Complaint to issue an

immediate Temporary Restraining Order and to declare the HARRIS FAMILY LIVING TRUST, and any trusts established thereunder, to have been revoked during the lifetime of ROBERT EARL HARRIS, and to seek an Order from this Honorable Court requiring an immediate accounting of all trust funds and delivery of same to the Estate, would respectfully state to the Court as follows:

## I.   PARTIES

1.   <u>Plaintiff</u>.   At the time of his death, ROBERT EARL HARRIS was an adult resident of Shelby County, Tennessee, having an address of 5255 North Watkins Street, Memphis, Tennessee.   The ESTATE OF ROBERT EARL HARRIS is currently under administration in the Probate Court of Shelby County, Tennessee under Docket No. PR-19061, having an address of 717 S. White Station Road, Suite 1, Memphis, Tennessee. HANNAH E. BLEAVINS was appointed as Personal Representative for said Estate by Order entered May 13, 2021.   ROBERT EARL HARRIS was the Grantor, and prior to his death was the Sole Current Beneficiary, of the HARRIS FAMILY LIVING TRUST dated September 5, 2013, and any trusts established thereunder (collectively "Harris Family Trust").

2.   <u>Plaintiff</u>.   James Shumpert is an adult resident of Shelby County, Tennessee, having an address of 5255 North Watkins Street, Memphis, Tennessee and is the Sole Beneficiary of the ESTATE OF ROBERT EARL HARRIS, and is a potential residuary beneficiary of the Harris Family Trust.

3.   <u>Defendant</u>.   SHARNETTA O'NEAL is an adult resident of Riverside County, California, having an address of 1825 Wren Avenue, Corona, California 92879,

the individual alleged to be acting as Successor Trustee of the Harris Family Trust, and a potential residuary beneficiary of same.

4.   <u>Defendant</u>.   ALLEN WHITAKER is an adult resident of Los Angeles County, California, having an address of 208 N. Hillcrest Blvd, Inglewood, California 92394, and a potential residuary beneficiary of the Harris Family Trust.

5.   <u>Defendant</u>.   LATISHA STAMATELATOS is an adult resident of San Diego County, California, having an address of 3522 Knollwood Drive, Carlsbad, California 92010, and a potential residuary beneficiary of the Harris Family Trust.

6.   <u>Defendant</u>.   ELVIN LOFTON is an adult resident of San Bernadino County, California, having an address of 16060 Papago Place, Victorville, California 91394, and a potential residuary beneficiary of the Harris Family Trust.

7.   <u>Defendant</u>.   ST. MARK'S BAPTIST CHURCH CRENSHAW (a/k/a SAINT MARK BAPTIST CHURCH CRENSHAW), is a Domestic Nonprofit Corporation established under the laws of the State of California, with a principal place of business in the State of California, and a potential residuary beneficiary of the Harris Family Trust. ST. MARK'S BAPTIST CHURCH CRENSHAW can be served through its registered agent, DONALD RAY TAYLOR, having an address of 6522 Crenshaw Boulevard, Los Angeles, California 90043.

## II.   JURISDICTION AND VENUE

8.   This Court has original subject matter jurisdiction for this Complaint pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and is between citizens of different states.

9.     An actual controversy, as set forth herein, exists within the jurisdiction of this Court pursuant to 29 U.S.C. § 2201.

10.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because it is the district in which a substantial part of the events or omissions giving rise to the claim occurred.

11.    Venue is proper in the Western Division of the Western District of Tennessee pursuant to Local Rule 3.3.

### III.    FACTUAL ALLEGATIONS

### A.    Assets of the Harris Family Trust

12.    Control over the assets within the Harris Family Trust are the subject matter of this Complaint, and based upon information and belief, the known assets of the Harris Family Trust and their respective values are as follows:

| | |
|---|---|
| 3410 & 3415 W. 59th Place<br>Los Angeles, California | $ 430,000.00 |
| 5969 Crenshaw Blvd<br>Los Angeles, California | $ 650,000.00[1] |
| Net Proceeds from sale of<br>8800 S. Van Ness Avenue<br>Los Angeles, California | $413,775.00[2] |

---

[1] This appraisal amount includes the values of the following real property: 5959 Crenshaw Blvd; 5965 Crenshaw Blvd; and 5969 Crenshaw Blvd. Based upon information and belief, 5969 Crenshaw Blvd is owned by the Harris Family Trust. Based upon information and belief, 5959 Crenshaw Blvd and 5965 Crenshaw Blvd are not owned by the Harris Family Trust, rather, 5959 Crenshaw Blvd and 5965 Crenshaw Blvd were owned by Robert Earl Harris and his spouse, Mary Helen Harris, as joint tenants. Accordingly, upon the death of Mary Helen Harris, 5959 Crenshaw Blvd and 5965 Crenshaw Blvd passed entirely to Robert Earl Harris. *See* Cal. Civ. Code § 683, cmt. 5. Survivorship.

[2] This amount is based on the Trustee's representation of a total sales price of $605,000, less $27,225 in real estate commissions and less $164,000 distributed to the Conservator for the Estate.

| | |
|---|---|
| Cash Assets from income earned by the trust assets | Unknown |
| **TOTAL:** | **$ 1,490,000.00** |

**B.      Provisions of Harris Family Living Trust**

13.      ROBERT EARL HARRIS and his spouse, MARY HELEN HARRIS, were the Settlors and Co-Trustees of the Harris Family Trust when it was established on or about September 5, 2013.

14.      Article III (A) of the Harris Family Trust states as follows: "While both Trustors are living and competent, the Trustors jointly may at any time or times, change any beneficiary, alter, or amend any provision hereof, or revoke this Trust, in whole or in part."

15.      The Harris Family Trust instrument does **not** explicitly state an "exclusive method of revocation" for the Harris Family Trust, as contemplated under Cal. Prob. Code § 15401(a)(2).

16.      The Harris Family Trust is **not** "expressly made irrevocable" by the Harris Family Trust instrument, as contemplated under Cal. Prob. Code § 15400.

17.      Article V(A) of the Harris Family Trust directs that upon the death of the first Grantor, the trustee is to divide the trust estate into three (3) trust shares:  the "Survivor's Trust," the "Q-Tip/Residuary Trust," and the "Bypass Trust."

18.      The Harris Family Trust states that the Trustee must divide the Harris Family Trust within six (6) months of the first Grantor's death.

19.    MARY HELEN HARRIS died on September 27, 2016 and upon her death, ROBERT EARL HARRIS became the sole current Beneficiary of the Harris Family Trust.

20.    Based upon information and belief, only the Survivor's Trust and the Bypass Trust were to be established upon the death of MARY HELEN HARRIS due to the value of the Harris Family Trust assets and federal estate tax exemption amount which existed at that time.

21.    Upon information and belief, neither the Survivor's Trust nor the Bypass Trust were ever established.

(1)    *Survivor's Trust*

22.    Upon the death of MARY HELEN HARRIS, the Survivor's Trust was to be funded with ROBERT EARL HARRIS's separate property and his one-half (1/2) interest in all community property.  (Harris Family Trust, Art. V(A)(1))

23.    Prior to his death, ROBERT EARL HARRIS was the sole current Beneficiary of the Survivor's Trust.

24.    The Survivor's Trust is **not** "expressly made irrevocable" by the Harris Family Trust instrument, as contemplated under Cal. Prob. Code § 15400.

(2)    *Bypass Trust*

25.    Upon the death of MARY HELEN HARRIS, the Bypass Trust was to be funded with MARY HELEN HARRIS's separate property and her one-half (1/2) interest in all community property.  (Harris Family Trust, Art. V(A)(2))

26.    Prior to his death, ROBERT EARL HARRIS was the sole current Beneficiary of the Bypass Trust.

27.     The Harris Family Trust instrument does **not** explicitly state an "exclusive method of revocation" for the Bypass Trust, as contemplated under Cal. Prob. Code § 15401(a)(2).

28.     The Bypass Trust is **not** "expressly made irrevocable" by the Harris Family Trust instrument, as contemplated under Cal. Prob. Code § 15400.

### C.     Events Precipitating Current Action

29.     On February 21, 2017, the Probate Court of Shelby County, Tennessee ("Tennessee Probate Court") entered an *Order Appointing Temporary Conservator of the Estate Only* ("Order Appointing Conservator"), therein appointing HANNAH E. BLEAVINS as temporary conservator for the estate of ROBERT EARL HARRIS under Docket No. PR-7756 ("Conservatorship Matter").   A copy of the Order Appointing Conservator is attached hereto as Exhibit "A".

30.     The Order Appointing Conservator specifically removed the following rights from ROBERT EARL HARRIS and transferred same to HANNAH E. BLEAVINS as Conservator: "The right to exercise those rights and powers of [ROBERT EARL HARRIS] as a 'Trustor' and as a 'Survivor' of the Harris Family Living Trust dated September 5, 2013, as those terms are defined therein."  (Order Appointing Conservator ¶ 9(j))

31.     SHARNETTA O'NEAL purported herself to be the Trustee of the Harris Family Trust **after** ROBERT EARL HARRIS was living in Memphis, Shelby County, Tennessee.

32.     Upon declaring herself the Trustee of the Harris Family Trust, SHARNETTA
O'NEAL breached several of the fiduciary duties she owed to ROBERT EARL HARRIS,
the sole current beneficiary of the Harris Family Trust.

33.     One June 1, 2020, pursuant to the Order Appointing Conservator, and
pursuant to Cal. Prob. Code § 15401, HANNAH E. BLEAVINS, in her capacity as the
Conservator for the estate of ROBERT EARL HARRIS, executed a document titled
Exercise of Power to Revoke the Harris Family Living Trust dated September 5, 2013
("Exercise of Power to Revoke"), and mailed same to counsel for the Trustee of the Harris
Family Trust by correspondence dated June 1, 2020. A copy of the Exercise of Power to
Revoke and correspondence enclosing same to the attorney for the Trustee are attached
collectively hereto and incorporated herein as Exhibit "B".

34.     In said Exercise of Power to Revoke, HANNAH E. BLEAVINS, in her
capacity as the Conservator for the estate of ROBERT EARL HARRIS, revoked in its
entirety the Harris Family Trust and demanded the assets of same be transferred to the
Conservatorship Matter.

35.     On June 2, 2020, Plaintiffs, in their capacities as the Co-Conservators for
ROBERT EARL HARRIS, filed the *Petitioner's Motion for Partial Summary Judgment* (
"Summary Judgment Motion") in the Conservatorship Matter, requesting that the
Tennessee Probate Court hold, as a matter of law, that HANNAH E. BLEAVINS, in her
capacity as the Conservator for the estate of ROBERT EARL HARRIS, revoked the Harris
Family Trust.  A copy of the Summary Judgment Motion is attached hereto as Exhibit "C."

36.     Defendant SHARNETTA O'NEAL, in her capacity as Trustee of the Harris Family Trust, has failed and/or refused to transfer assets of the Harris Family Trust to HANNAH E. BLEAVINS, in her capacity as the Conservator for the estate of ROBERT EARL HARRIS.

37.     As of the filing of this Complaint, the Summary Judgment Motion is still pending before the Tennessee Probate Court in the Conservatorship Matter.

38.     On March 8, 2021, ROBERT EARL HARRIS died a resident of Memphis, Shelby County Tennessee.

39.     On May 13, 2021, the ESTATE OF ROBERT EARL HARRIS was opened in the Tennessee Probate Court and HANNAH E. BLEAVINS was appointed as Personal Representative of said Estate.

## IV.     LAW AND ARGUMENT

### A.     Harris Family Trust is Revocable Under California Law

40.     California law provides that:

Unless a trust is *expressly* made irrevocable by the trust instrument, the trust is revocable by the settlor. This section applies only where the settlor is domiciled in this state when the trust is created, where the trust instrument is executed in this state, or where the trust instrument provides that the law of this state governs the trust.

Cal. Prob. Code § 15400 (emphasis added). *See also Aulisio v. Bancroft*, 179 Cal. Rptr. 3d 408, 419 (Cal. App. 2014) ("A trust is presumed to be revocable by the settlor unless the trust instrument expressly makes the trust irrevocable.").

41.     Plaintiffs allege and assert that at the time HANNAH E. BLEAVINS, in her capacity as the Conservator for the estate of ROBERT EARL HARRIS, executed the

Exercise of Power to Revoke, the Harris Family Trust was revocable pursuant to California statute.

42.     Plaintiffs allege and assert that ROBERT EARL HARRIS was domiciled in California at the time the Harris Family Trust was created, and the Harris Family Trust provides that the law of California governs the trust.

43.     Plaintiffs allege and assert that the Harris Family Trust makes no reference to being or becoming irrevocable.

44.     Plaintiffs allege and assert that the Harris Family Trust instrument makes no reference to any trust established thereunder upon the death of a Settlor being or becoming irrevocable.

**B.     Conservator Revoked Harris Family Trust.**

45.     Plaintiffs allege and assert that HANNAH E. BLEAVINS, in her capacity as the Conservator for the estate of ROBERT EARL HARRIS, exercised her power to revoke the Harris Family Trust pursuant to the Order Appointing Conservator and pursuant to Cal. Prob. Code § 15401 when she delivered a writing titled Exercise of Power to Revoke to counsel for the trustee, SHARNETTA O'NEAL.

> 1.    *The Conservator is explicitly authorized to exercise the rights of Robert Earl Harris as both the Trustor and the Survivor of the Harris Family Living Trust.*

46.     Plaintiffs allege and assert that through the Conservatorship Matter, the Tennessee Probate Court properly exercised jurisdiction over the person and property of ROBERT EARL HARRIS pursuant to Tenn. Code Ann. § 16-11-108.

47.     Plaintiffs allege and assert that the property of ROBERT EARL HARRIS included the Harris Family Trust assets.

48.     Plaintiffs allege and assert that, pursuant to Tenn. Code Ann. § 16-11-108, the Tennessee Probate Court exercised its jurisdiction over the Harris Family Trust in paragraph 9 (j) of the Order Appointing Conservator by transferring the following right from ROBERT EARL HARRIS to HANNAH E. BLEAVINS, in her capacity as the Conservator for the estate: "The right to exercise those rights and powers of [ROBERT EARL HARRIS] as a 'Trustor' and as a 'Survivor' of the Harris Family Living Trust dated September 5, 2013, as those terms are defined therein."

49.     Plaintiffs allege and assert that pursuant to Tenn. Code Ann. § 16-11-108 and the Order Appointing Conservator, HANNAH E. BLEAVINS, in her capacity as the Conservator for the estate, was explicitly authorized to take any action which ROBERT EARL HARRIS could take as Trustor and as Survivor of the Harris Family Trust.

2.     *California law allows the Conservator to revoke the Harris Family Living Trust on behalf of the settlor.*

50.     Plaintiffs allege and assert that California law allows the settlor or any person holding the power of revocation to revoke a trust:

(a) A trust that is revocable by the settlor ***or any other person*** may be revoked in whole or in part by any of the following methods:

(1) By compliance with any method of revocation provided in the trust instrument.

(2) By a writing, other than a will, signed by the settlor ***or any other person holding the power of revocation*** and delivered to the trustee during the lifetime of the settlor or the person holding the power of revocation.  If the trust instrument explicitly makes the method of

revocation provided in the trust instrument the exclusive method of revocation, the trust may not be revoked pursuant to this paragraph.

(b)

    (1) Unless otherwise provided in the instrument, if a trust is created by more than one settlor, each settlor may revoke the trust as to the portion of the trust contributed by that settlor, except as provided in Section 761 of the Family Code.

    (2) Notwithstanding paragraph (1), a settlor may grant to another person, including, but not limited to, his or her spouse, a power to revoke all or part of that portion of the trust contributed by that settlor, regardless of whether that portion was separate property or community property of that settlor, and regardless of whether that power to revoke is exercisable during the lifetime of that settlor or continues after the death of that settlor, or both.

Cal. Prob. Code § 15401 (emphasis added).

51.    Plaintiffs allege and assert that pursuant to the Order Appointing Conservator, HANNAH E. BLEAVINS, in her capacity as the Conservator for the estate of ROBERT EARL HARRIS, is a "person holding the power of revocation" for the Harris Family Trust.

52.    Plaintiffs allege and assert that the Harris Family Trust instrument does not provide an explicitly exclusive method for revocation.

53.    Plaintiffs allege and assert that provisions of California Probate Code section 15401(a)(2) provide a statutory method for revoking the Harris Family Trust: By a writing signed by HANNAH E. BLEAVINS, in her capacity as the Conservator for the estate of ROBERT EARL HARRIS, and delivered to the Trustee, SHARNETTA O'NEAL.

3.  *The Conservator exercised her power to revoke the Harris Family Trust by delivering a written document to the Trustee advising of same.*

54.   Plaintiffs allege and assert that HANNAH E. BLEAVINS, in her capacity as the Conservator for the estate of ROBERT EARL HARRIS, and therefore the person holding the power of revocation for the Harris Family Trust, revoked the Harris Family Trust when she executed the Exercise of Power to Revoke and delivered same to counsel for the Trustee, SHARNETTA O'NEAL.

**C.   Harris Family Trust Assets are Distributable to the Conservator.**

55.   Plaintiffs allege and assert that pursuant to California law, when a person holding a power of revocation, other than the settlor, revokes a trust, the distribution method having the highest priority states that the trust assets shall be distributed, "[a]s provided in the trust instrument."  Cal. Prob. Code § 15410(b)(1).

56.   Plaintiffs allege and assert that the statute further states that the trust assets shall be distributed, "[i]n any other case, as provided in the trust instrument or in a manner directed by the court that confirms as nearly as possible to the intention of the settlor as expressed in the trust instrument."  Cal. Prob. Code § 15410(d).

57.   Plaintiffs allege and assert that upon the death of MARY HELEN HARRIS, ROBERT EARL HARRIS became the sole beneficiary of the Harris Family Trust and each of the trusts established thereunder.

58.   Plaintiffs allege and assert that upon the revocation of the Harris Family Trust and pursuant to Cal. Prob. Code § 15410(b)(1), all trust assets were properly distributable to ROBERT EARL HARRIS during his lifetime.

59.     Plaintiffs allege and assert that because SHARNETTA O'NEAL failed to timely distribute the Harris Family Trust assets during the lifetime of ROBERT EARL HARRIS, same is now properly distributed to his Estate currently pending in the Probate Court of Shelby County, Tennessee under Docket No. PR-19061.

**D.     Injunctive Relief**

60.     Plaintiffs allege and assert ROBERT EARL HARRIS was a resident of Shelby County, Tennessee at the time of his death on March 28, 2021.

61.     Plaintiffs allege and assert that the same persons and/or charitable organizations made parties to the Conservatorship Matter, including SHARNETTA O'NEAL, were provided a copy of the *Petition to Open Estate and for Appointment of Personal Representative for Estate of Intestate Decedent* ("Tennessee Estate Petition") filed April 8, 2021 in the Probate Court of Shelby County, Tennessee under Docket No. PR-19061 ("Tennessee Estate Matter"). A copy of the Tennessee Estate Petition is attached hereto as Exhibit "D."

62.     Plaintiffs allege and assert that the same persons and/or charitable organizations made parties to the Conservatorship Matter, including SHARNETTA O'NEAL, were represented by local Tennessee counsel.

63.     On May 13, 2021, the Tennessee Probate Court entered an *Order Opening Estate of Intestate Decedent and Appointing Personal Representative* ("Order Appointing Personal Representative") in the Tennessee Estate Matter, therein appointing HANNAH E. BLEAVINS as the Personal Representative of the ESTATE OF ROBERT EARL

HARRIS.  A copy of the Order Appointing Personal Representative is attached hereto as Exhibit "E."

64.  Plaintiffs allege and assert that JAMES STEPHEN KING, Counsel for SHARNETTA O'NEAL, ALLEN WHITAKER and KEVIN LOFTON, during a fee hearing in the Conservatorship Matter on or about June 8, 2021, affirmatively stated to the Honorable Kathleen N. Gomes, in open Court, that he would be filing a document purporting to be the Last Will and Testament of ROBERT EARL HARRIS in the Tennessee Probate Court later in the day, on or about June 8, 2021.

65.  Upon information and belief, JAMES STEPHEN KING, Counsel for SHARNETTA O'NEAL, ALLEN WHITAKER and KEVIN LOFTON, never filed any document purporting to be the Last Will and Testament of ROBERT EARL HARRIS in the Tennessee Probate Court.

66.  Instead, SHARNETTA O'NEAL, by and through ANDREA G. VAN LEESTEN, Attorney, filed a *Petition for Instruction Regarding Trust Distribution Provisions for the Harris Family Trust dated September 5, 2013* ("California Trust Petition") in the Superior Court of California under Case Number 21STPB10478 ("California Trust Matter") on November 1, 2021 and scheduled a hearing with respect to same on March 25, 2022 at 9:30am.

67.  SHARNETTA O'NEAL, by and through her counsel, ANDREA G. VAN LEESTEN, also filed a *Petition for the Probate of the Last Will and Testament of Robert Earl Harris* ("California Estate Petition") in the Superior Court of California under Case

Number 21STPB11483 ("California Estate Matter") on December 2, 2021 and scheduled a hearing with respect to same on March 25, 2022 at 9:30am.

1.    Temporary Restraining Order

68.    Rule 65 of the Federal Rules of Civil Procedure allows a court to issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if (1) specific facts in an affidavit or a verified compliant clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

69.    Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs allege and assert that the Court's failure to issue a temporary restraining order prohibiting Defendant SHARNETTA O'NEAL from proceeding with a hearing on the California Trust Petition on March 25, 2022 at 9:30am will produce inconsistent results and cause immediate and irreparable injury, loss or damage to the Plaintiffs because the relief requested in the California Trust Petition (i.e., distribution of trust property to ST. MARK'S BAPTIST CHURCH, SHARNETTA O'NEAL, JAMES SHUMPERT, ALLEN WHITAKER and SHIRLEY LOFTON) is directly contrary to the Exercise of Power to Revoke (i.e., distribution of trust property to HANNAH E. BLEAVINS, Conservator for the estate of ROBERT EARL HARRIS).

70.    Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs allege and assert that the Court's failure to issue a temporary restraining order prohibiting Defendant SHARNETTA O'NEAL from proceeding with a hearing on the California

Estate Petition on March 25, 2022 at 9:30am will produce inconsistent results and cause immediate and irreparable injury, loss or damage to the Plaintiffs because the relief requested in the California Estate Petition (i.e., distribution of estate assets to the Trustee of the Harris Family Trust) is directly contrary to the intestate distribution of assets in the Tennessee Estate Petition (i.e., distribution of estate assets to JAMES SHUMPERT, the sole heir at law of ROBERT EARL HARRIS).

     2.    <u>Notice to Defendant</u>

71.    The Exercise of Power to Revoke was previously mailed to counsel for SHARNETTA O'NEAL, the Trustee of the Harris Family Trust, by correspondence dated June 1, 2020.

72.    The Exercise of Power to Revoke document was also the subject of Summary Judgment Motion filed June 2, 2020 in the Conservatorship Matter (see Exhibit "C"), a copy of which was provided to the Tennessee counsel for SHARNETTA O'NEAL, ALLEN WHITAKER, ELVIN LOFTON, LATISHA STAMATELATOS and ST. MARK'S BAPTIST CHURCH.

73.    Therefore, Plaintiffs allege and assert that additional notice of the Plaintiff's request for injunctive relief with respect to enjoining the hearing on the California Trust Petition would be futile in light of SHARNETTA O'NEAL's filing of the California Trust Petition on November 1, 2021, more than a year after receiving the Notice of the Exercise of Power to Revoke by correspondence dated June 1, 2020 and more than a year after receiving a copy of the Summary Judgment Motion filed June 2, 2020.

74.     On or about April 8, 2021, notice of the Tennessee Estate Matter was previously provided to counsel for SHARNETTA O'NEAL, ALLEN WHITAKER, ELVIN LOFTON, LATISHA STAMATELATOS and ST. MARK'S BAPTIST CHURCH, as evidenced in the Certificate of Service attached to the Tennessee Estate Petition attached hereto as Exhibit "D."

75.     On or about June 8, 2021, JAMES STEPHEN KING, Tennessee counsel for SHARNETTA O'NEAL, ALLEN WHITAKER and KEVIN LOFTON, affirmatively stated to the Tennessee Probate Court that he was aware of the Tennessee Estate Matter that he would be filing a document purporting to be the Last Will and Testament of ROBERT EARL HARRIS in the Tennessee Probate Court later that day.

76.     To date, no responsive pleading has been filed in the Tennessee Estate Matter by SHARNETTA O'NEAL, ALLEN WHITAKER, ELVIN LOFTON, LATISHA STAMATELATOS or ST. MARK'S BAPTIST CHURCH, nor has any document purporting to be the Last Will and Testament of ROBERT EARL HARRIS been filed in the Tennessee Probate Court.

77.     Therefore, Plaintiffs allege and assert that additional notice of the Plaintiff's request for injunctive relief with respect to enjoining the hearing on the California Estate Petition would be futile in light of SHARNETTA O'NEAL's filing of the California Estate Petition on December 2, 2021, several months after receiving notice of the Tennessee Estate Petition on or about April 8, 2021.

78.     Plaintiffs allege and assert that the security required pursuant to Rule 65(c) of the Federal Rules of Civil Procedure should be minimal in light of the filing of the

California Trust Petition and California Estate Petition months after receiving Notice of the Exercise of Power to Revoke on or about June 1, 2020 and receiving a copy of the Summary Judgment Motion filed June 2, 2020 as well as Notice of the Tennessee Estate Petition on or about April 8, 2021.

**79.    THIS   IS   THE   PLAINTIFFS'   FIRST   APPLICATION   FOR EXTRAORDINARY RELIEF**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully request the following relief:

1.    That the Court immediately issue a Temporary Restraining Order enjoining the Defendant SHARNETTA O'NEAL, from proceeding with the hearing on the California Trust Petition on March 25, 2022 at 9:30am in the Superior Court of California for the County of Los Angeles.

2.    That the Court immediately issue a Temporary Restraining Order enjoining the Defendant SHARNETTA O'NEAL, from proceeding with the hearing on the California Estate Petition on March 25, 2022 at 9:30am in the Superior Court of California for the County of Los Angeles.

3.    That process issue summoning SHARNETTA O'NEAL to answer this Complaint as required by law.

4.    That process issue summoning ALLEN WHTAKER to answer this Complaint as required by law.

5.    That process issue summoning LATISHA STAMATELATOS to answer this Complaint as required by law.

6.    That process issue summoning ELVIN LOFTON to answer this Complaint as required by law.

7.    That process issue summoning ST. MARK'S BAPTIST CHURCH CRENSHAW to answer this Complaint as required by law.

8.    That this Court extend the Temporary Restraining Order as necessary and ultimately set an expedited hearing for a Preliminary Injunction and further grant Plaintiffs' request for a Preliminary Injunction pending a trial on the merits.

9.    That this Court immediately require SHARNETTA O'NEAL, as Successor Trustee of the Harris Family Living Trust dated September 5, 2013, to give an accounting of all trust funds received and/or disbursed for the period beginning January 1, 2016 through the present date.

10.    That upon trial of this action, this Court declare the Harris Family Living Trust dated September 5, 2013 was revoked on June 1, 2020 when HANNAH E. BLEAVINS, in her capacity as Conservator for the estate of ROBERT EARL HARRIS, executed and delivered to counsel for SHARNETTA O'NEAL the Exercise of Power to Revoke.

11.    That upon trial of this action, this Court declare the Survivor's Trust established September 27, 2016 under Article V of the Harris Family Living Trust was revoked on June 1, 2020 when HANNAH E. BLEAVINS, in her capacity as Conservator for the estate of ROBERT EARL HARRIS, executed and delivered to counsel for SHARNETTA O'NEAL the Exercise of Power to Revoke.

12.     That upon trial of this action, this Court declare the Bypass Trust established September 27, 2016 under Article V of the Harris Family Living Trust was revoked on June 1, 2020 when HANNAH E. BLEAVINS, in her capacity as Conservator for the estate of ROBERT EARL HARRIS, executed and delivered to counsel for SHARNETTA O'NEAL the Exercise of Power to Revoke.

13.     That upon trial of this action, this Court order SHARNETTA O'NEAL as the Successor Trustee of the Harris Family Living Trust dated September 5, 2013, the Survivor's Trust established September 27, 2016 under Article V of the Harris Family Living Trust, and/or the Bypass Trust established September 27, 2016 under Article V of the Harris Family Living Trust to deliver all of said trusts' assets to HANNAH E. BLEAVINS, Personal Representative for the ESTATE OF ROBERT EARL HARRIS.

14.     For such further and additional relief, including pursuant to 28 U.S.C. § 2202, this Honorable Court deems appropriate and proper.

Respectfully submitted,

WILLIAMS McDANIEL, PLLC

*/s/ Edward T. Autry*
Edward T. Autry (#17865)
717 S. White Station Road, Suite 1
Memphis, Tennessee 38117
(901) 766-0887 (Phone)
(901) 766-0915 (Facsimile)
eautry@williamsmcdaniel.com
*Attorney for Plaintiffs*

STATE OF TENNESSEE
COUNTY OF SHELBY

I, HANNAH E. BLEAVINS, the undersigned, make oath that the facts stated in the foregoing Complaint are true to the best of my knowledge and belief; that the Complaint is not made out of levity or by collusion with the Defendants, but in sincerity and truth, for the causes alleged in said Complaint.

HANNAH E. BLEAVINS, Personal Representative for
the ESTATE OF ROBERT EARL HARRIS, Plaintiff

SWORN TO AND SUBSCRIBED before me this the 22nd day of March, 2022.

NOTARY PUBLIC

My Commission Expires: